By the Court.—Mokell, Ch. J.
The testimony of the plaintiff was sufficient to authorize the assumption that the defendant agreed with the plaintiff that if the latter obtained the contract for the school building the defendant would, for a named price, do the roofing of the building.
In-accordance with such offer, the plaintiff reduced the amount of his estimate, and was awarded the contract. Upon being informed of that, the defendant said he would do the work.
I do not see why this evidence does not establish a valid contract. The jury have found the facts upon *312 somewhat conflicting evidence, and we must assume that the contract was as testified to by the plaintiff.
First. It had the element of mutuality. The defendant was to do the work, and the plaintiff was to pay the stipulated sum. Had the defendant performed, he could have recovered, as upon an express promise to pay; and such right grew out of his own obligation to perform, and which obligation inured to the plaintiff.
Second. There was a sufficient consideration. There was both a benefit and a possible injury to the plaintiff —a benefit in being able to, successfully bid for the contract, and a possible pecuniary injury if the defendant failed to perform.
Either of these elements—certainly the concurrence of both—made this a valid contract.
It was not a" contract against public policy. The defendant was not a competitor for the building contract. His proposal was to the plaintiff, and not to the school commissioners, and had not and could not, have had any influence upon other bids, and it did not in any way interfere with the general competition for the contract.
Under an estimate, reduced in amount by the de- • fendant’s proposal, the plaintiff became bound to perform his contract with the school commissioners ; and I can see no good reason, in law or morals, why the defendant should be absolved from his agreement or saved from his default.
The several questions which were excluded were properly overruled. They called for proof of customs and usages, which, if they exist, cannot be allowed to alter or limit the legal effect of contracts.
In the view we have taken, there was no error in the charge, and the verdict should be sustained.
Judgment affirmed.
Curtis and Speir, JJ., concurred.